JUSTICE GRAY
concurring in part and dissenting in part.
I concur in the Court’s opinion on issues one and four. I dissent from the opinion on issue two regarding the use of certain depositions and, because the Court’s resolution of issue three is premised on the resolution of issue two, I dissent on that issue as well.
Rule 32(a) of the Montana Rules of Civil Procedure allows any part or all of a deposition to be used against a party for any purpose if certain enumerated conditions are met. In pertinent part, the rule authorizes the use of depositions for any purpose if the deponent is designated under Rule 30(b)(6) or 31(a), M.R.Civ.P, to testify on behalf of a corporation. Rule 32(a)(2), M.R.Civ.P. That basis for allowing the use of the depositions at issue here is neither asserted by Hart-Albin nor relied on by the Court. It is not applicable on the record before us.
Rule 32(a)(2), M.R.Civ.P., also allows such use of depositions if the deponent is “an officer, director, or managing agent” of the corporation. The Court holds that Stephen Campólo and Dennis Dandeneau were managing agents of Levitón under this Rule and, therefore, that the District Court erred in denying Hart-Albin’s requested use of their depositions. I disagree.
It is my view that the Court misapplies or, indeed, fails to apply the Clark Bros, factors to these individuals. The applicable factors are the individual’s right to general control, authority, and judgment within his department; whether the interests of the individual are identified to be those of the employer; and whether any person of higher authority possesses knowledge about the matters at issue. Clark Bros., 710 P.2d at 43. I will apply the factors to Campólo and Dandeneau separately.
The burden of meeting the Clark Bros. factors is on the party seeking use of the depositions under Rule 32(a)(2), M.R.Civ.P. While the record reflects that Campolo was the director of Leviton’s corpo *13 rate testing laboratory and agency approval department, the record does not establish that that position at Levitón gives Campolo the right to general control, authority and judgment within the department. Thus, the first factor is not met here. Nor does the record support the Court’s statement that Campolo was designated as the person within Levitón most knowledgeable with regard to the cord connector at issue and UL approvals of the connector. Indeed, the “discovery” to which the Court refers is not part of the transmitted record on appeal. Moreover, Hart-Albin’s only statement in this regard is that the transcript supports a designation by Levitón that Campolo was the most knowledgeable person. However, the transcript reference to Campolo’s testimony reflects only the following:
Q. You have been designated by Levitón Manufacturing Company to come here and testify at this trial, have you not?
A. Yes, sir.
Q. In fact, when I went back to New York to the offices of Levitón, you were designated there as the person that I should depose at that time and find out certain facts about this particular product, catalog 67 cord connector, weren’t you?
A. That was the outcome, yes.
Nothing therein supports a designation by Levitón of the type made by the Court. Thus, the third factor is not met here.
I have even greater concerns regarding the Court’s conclusion that Dandeneau was a managing agent of Levitón. A careful reading of the Court’s opinion makes it clear that Dandeneau did not meet even the first Clark Bros. factor. He was not the supervisor of Leviton’s quality control department in Rhode Island. He was a manager in that department and he had a department supervisor. There also was a Levitón vice-president of quality control. Thus, the record does not establish that Dandeneau had the right to general control, authority and judgment within his department. In addition, no showing was made that these persons of higher authority in Dandeneau’s chain of command did not possess knowledge of the matters at issue pursuant to the third factor. Finally, the Court finds some relevance in the fact that Campolo and Dandeneau were the only Levitón employee witnesses at trial. I submit that this consideration is totally irrelevant under Rule 32(a), M.R.Civ.R, and Clark Bros. in determining who is, and who is not, a “managing agent.”
The effect of the Court’s decision is to render every corporate employee at any managerial level who is identified as a witness or as *14 having knowledge of matters at issue a “managing agent.” Such a result is at odds with the requirements of Clark Bros. More importantly, it voids the important limitation on the use of depositions “for any purpose” which is set forth in Rule 32(a), M.R.Civ.R I would affirm the District Court on this issue.